## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOHNNY PLATERO,**

      **Plaintiff,**

vs.                                                                                                                         CIV. No. 06-271 MV/WPL

**UNION PACIFIC RAILROAD COMPANY,**
a Delaware Corporation,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Union Pacific's Motion *In Limine* to Exclude Testimony or Opinion of Eric Unzicker, M.D. on Causation (Doc. No. 25, filed April 25, 2007, "Motion").

Plaintiff filed this case pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*, alleging that he suffered an injury to his back caused by the negligence of his employer Defendant Union Pacific. (Complaint, Doc. No. 1, filed April 5, 2006). This case is set for trial on June 18, 2007. (Pretrial Order, Doc. No. 24, filed March 7, 2007, at 12).

Plaintiff plans to call his treating physician, Dr. Eric Unzicker, as an expert witness to testify as to Plaintiff's physical condition prior to the accident, his diagnosis of the damages suffered by the Plaintiff, his course of treatment and his prognosis. (Pretrial Order, Doc. No. 24, filed March 7, 2007, at 16). Defendant indicated that it may ask Dr. Unzicker to testify as to the causation, treatment and prognosis of Plaintiff's injuries. (*Id*. at 8).

Defendant now seeks to exclude Dr. Unzicker's testimony and opinion on causation because

Plaintiff did not comply with the expert disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  (Motion at 33-8).  Rule 26(a)(2)(B) requires disclosure of expert testimony by a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."  Fed. R. Civ. P. 26(a)(2)(B).  Defendant argues that Dr. Unzicker's December 4, 2006 letter contains none of the Rule 26(a) requirements.  (Motion at 4).

Plaintiff does not contend that Dr. Unzicker's December 4, 2006 letter complies with Rule 26(a).  Instead, Plaintiff argues that because Dr. Unzicker is his treating physician, no narrative report is required under the District of New Mexico's Local Rules.  Local Rule 26.3(b) states: "Exemption from Expert Report Disclosure.  Treating physicians need not prepare an expert report as required by FED. R. CIV. P. 26(a)(2)(B)."  D.N.M.LR-Civ. No. 26.3.

Rule 37(c) of the Federal Rules of Civil Procedure permits a district court to allow expert testimony when the expert report violates Rule 26(a) if the violation is justified or harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) (the determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court). In determining whether the violation is justified or harmless "the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* at 953.

Plaintiff misconstrues Local Rule 26.3(b). Local Rule 26.3(b), while somewhat ambiguous, exempts treating physicians from expert report disclosure only when the scope of the treating physician's testimony is limited to the treatment, diagnosis and care of a party. *See* Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments) ("The requirement of a written report . . . applies only to those experts who are retained or specially employed to provide such testimony in the case . . . . A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). Providing copies of the medical records should provide sufficient notice of the testimony of a treating physician.

Defendant argues that Plaintiff's medical records are devoid of any determination of the cause of Plaintiff's back pain. (Reply, Doc. No. 38, filed May 23, 2007, at 8). To avoid prejudice, Defendant will need to know the substance of Dr. Unzicker's testimony regarding causation. *See Jacobsen v. Deseret Book Co.*, 287 F.3d at 953 (disclosure under Rule 26(a) "is necessary to allow the opposing party a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses"). However, allowing Dr. Unzicker's testimony will likely disrupt the trial which the parties have estimated will require four days. Defendant states: "the trial would evolve into a series of bench conferences and objections arising from proffered testimony concerning the never-disclosed opinions." (Mot. at 7).

The prejudice to Defendant and the disruption to the trial can be greatly reduced if Plaintiff provides an expert report for Dr. Unzicker's testimony regarding causation that complies with Rule 26(a) and makes Dr. Unzicker available for deposition. Doing so will require that the trial, currently set for June 18th, 2007, be reset. A short delay in the trial setting should not greatly prejudice Defendant. Plaintiff's expert reports were due by November 6, 2006, (Initial PreTrial Report, Doc. No. 16, filed August 23, 2007, at 5), and Defendant waited until April 25, 2007, to file its Motion

3

to exclude Dr. Unzicker's testimony.  A short delay to allow Plaintiff to cure his error in construing the Local Rule exempting treating physicians from Rule 26 expert reports is also justified because "the spirit and inclination of the rules [of civil procedure] favor[s] decisions on the merits, and reject[s] an approach that pleading is a game of skill in which one misstep may be decisive." *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986).

Defendant's Motion to Exclude Dr. Unzicker's testimony and opinion on causation is denied on the condition that Plaintiff provides Defendant with Dr. Unzicker's expert report, which shall comply with Rule 26(a), within 30 days of entry of this order, and makes Dr. Unzicker available for deposition.  The trial currently set for June 18, 2007, will be reset.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**